ROBERT M. BODZIN  (SBN: 201327)
rbodzin@grsm.com
MOLLIE M. BURKS (SBN 222112)
mburks@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants
BACKBLAZE, INC., BRIAN WILSON,
SEAN HARRIS, AND DERMAN UZUNOGLU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

| | |
|---|---|
| HATICE OKCU, individually, | CASE NO. 3:23-cv-00614-TLT |
| Plaintiff, | **DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND** |
| vs. | |
| BACKBLAZE, INC., BRIAN WILSON, SEAN HARRIS, DERMAN UZUNOGLU, and Does 1 – 10. | Judge:       Judge Trina L. Thompson |
| Defendants. | Complaint Filed:  February 10, 2023 |

Defendants BACKBLAZE, INC., BRIAN WILSON, SEAN HARRIS, AND DERMAN UZUNOGLU (hereinafter "Defendants") herby answer Plaintiff HATICE OKCU's ("hereinafter "Plaintiff") Complaint as follows:

## I.     INTRODUCTION

1.     The allegations in Paragraph 1 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 1.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    2.     The allegations in Paragraph 2 constitute recitations and/or

2    conclusions of law.  Accordingly, no response is necessary.  To the extent a

3    response to such allegations is required, Defendants deny all allegations in

4    Paragraph 2.

5    3.     Defendants, in response to the allegations in Paragraph 3 admit that all

6    Defendants except Brian Wilson reside in this district.  Defendants deny Defendant

7    Brian Wilson resides in the district.  The remaining allegations in Paragraph 3

8    constitute recitations and/or conclusions of law.  Accordingly, no response is

9    necessary.  To the extent a response to those remaining allegations in Paragraph 3

10   is required, Defendants deny all remaining allegations in Paragraph 3.

11   4.     Defendants, in response to the allegations in Paragraph 4 admit that

12   Plaintiff operated the business known as Kim's Tailoring, located at 300 Ben

13   Franklin Court, San Mateo, California, that Plaintiff operated that business at the

14   aforementioned location since August 2014 and that Plaintiff was a Tenant who

15   held a lease on the aforementioned premises.   The remaining allegations in

16   Paragraph 4 constitute recitations and/or conclusions of law.  Accordingly, no

17   response is necessary.  To the extent a response to those remaining allegations in

18   Paragraph 4 is required, Defendants deny all remaining allegations in Paragraph 4.

19   5.     Defendants are without sufficient knowledge or belief to either admit

20   or deny the allegations in Paragraph 5 and on that basis deny the allegations in

21   Paragraph 5.

22   6.      Defendants, in response to the allegations in Paragraph 6 admit that

23   Backblaze is a cloud storage and data company, headquartered at 500 Ben Franklin

24   Court, San Mateo California, that the company was established in 2007, that its

25   IPO was launched in 2021, that the company has customers in over 175 countries

26   and that the company reported $22.1 Million in revenue and $11.2 Million in gross

27   profits for the third quarter for 2022.  The remaining allegations in Paragraph 6

28   constitute recitations and/or conclusions of law.  Accordingly, no response is

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2

necessary.  To the extent a response to those remaining allegations in Paragraph 6 is required, Defendants deny all remaining allegations in Paragraph 6.

3
4
5
6
7
8
9
10
11
12

7.    Defendants, in response to the allegations in Paragraph 7 admit that Defendant Brian Wilson is an individual residing at 7104 West Rim Drive, Austin, Texas, that he is a co-founder of Backblaze, that he was Chief Technology Officer for Backblaze in August 2014, that at the time the lease was signed in August 2014, Brian Wilson was a contact at Backblaze whom Plaintiff would communicate with from time to time.  Defendants deny that Mr. Wilson, was the primary contact with Plaintiff, as Plaintiff engaged in communication with other Backblaze employees as well.  Defendants deny Mr.  Wilson had any contact with Plaintiff in the last several years, as Sean Harris has become the primary contact on behalf of Backblaze in these recent years.

13
14
15
16
17
18

8.    Defendants, in response to the allegations in Paragraph 8 admit that Defendant Sean Harris is an individual residing at 4450 Mira Loma Drive, Pittsburg, California, that he holds the job title of Senior Director of Facilities at Backblaze and that he is responsible for overseeing facilities and management of subleases on behalf of Backblaze, including but not limited to those at 300 Ben Franklin Court, San Mateo, California.

19
20
21
22
23
24
25

9.    Defendants, in response to the allegations in Paragraph 9 admit that Defendant Derman Uzunoglu is an individual residing at 860 Meridian Bay Lane, Unit 233, Foster City, California and that he performs handyman services for Backblaze.  Defendants deny Derman Uzunoglu has the authority, outside of performing handyman services, to act on Backblaze's behalf.  Defendants deny that Derman Uzunoglu acts on Backblaze's behalf outside of his role performing handyman services.

26
27
28

10.    The allegations in Paragraph 10 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-3-

Paragraph 10.

11.     The allegations in Paragraph 11 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 11.

12.     The allegations in Paragraph 12 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 12.

13.     The allegations in Paragraph 13 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 13.

14.     Defendants, in response to the allegations in Paragraph 14 admit that Plaintiff operated the business known as Kim's Tailoring, located at 300 Ben Franklin Court, San Mateo, California, that to Defendants' knowledge, Plaintiff operated that business at the aforementioned location since August 2014 and that Plaintiff was a Tenant who held a lease on the aforementioned premises. Defendants deny knowledge the exact period of time that Plaintiff was a tenant prior to August 2014 and deny knowledge of the contents of Plaintiff's lease with Behling and Associates because that document was not provided to Defendants, The remaining allegations in Paragraph 14 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to those remaining allegations in Paragraph 14 is required, Defendants deny all remaining allegations in Paragraph 14.

15.     Defendants, in response to the allegations in Paragraph 15 admit all allegations except the allegation of "easy walk" and as such, Defendants are without sufficient knowledge or belief to either admit or deny the allegations in

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

1   Paragraph 14 as to "easy walk" and on that basis deny that allegation in Paragraph

2   15.

3       16.    Defendants, in response to the allegations in Paragraph 16 admit that

4   Backblaze entered into subleases and became a subtenant at some of the premises

5   at Ben Franklin Court and Fourth Avenue in San Mateo, California, just south of

6   Ben Franklin Court that Backblaze leased some, but not all space on the second

7   floor of Ben Franklin Court and that Backblaze has subleased the rear of certain

8   area of the existing businesses and certain area of the second floor because zoning

9   in the area prevents Backblaze from being in the front. The remaining allegations

10  in Paragraph 16 constitute recitations and/or conclusions of law.  Accordingly, no

11  response is necessary.  To the extent a response to those remaining allegations in

12  Paragraph 16 is required, Defendants deny all remaining allegations in Paragraph

13  16.

14      17.    Defendants, in response to the allegations in Paragraph 17, deny that

15  Backblaze was ever a co-landlord for Plaintiff at the premises located at 300 Ben

16  Franklin Court, San Mateo, California.  The remaining allegations in Paragraph 17

17  constitute recitations and/or conclusions of law.  Accordingly, no response is

18  necessary.  To the extent a response to such allegations is required, Defendants

19  deny all allegations in Paragraph 17.

20      18.    Defendants, in response to the allegations in Paragraph 18 admit that

21  Paragraph 18 contains portions of language contained in the sublease at 300 Ben

22  Franklin Court, where Plaintiff was the Landlord and Backblaze was the tenant on

23  the sublease. Defendants deny that Paragraph 18 contains all terms and/or all

24  material and important terms in the aforementioned lease.

25      19.    Defendants, in response to the allegations in Paragraph 18 admit that

26  pursuant to and in compliance with the Tenant Improvement clause of the August

27  2014 sublease at 300 Ben Franklin Court, where Plaintiff was the Landlord and

28  Backblaze was the tenant, that Backblaze, with Plaintiff's consent and in Plaintiff's

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-5-

1  plain sight, built the partition wall at the premises which divided the premises

2  based on the division of the premises in the lease, which placed the bathroom and

3  water source on Backblaze's side of the leased premises, behind the partition wall

4  and admit that for security reasons associated with its cloud and data storage

5  business, Backblaze did not provide a key to its sublet premises to Plaintiff, its

6  Landlord.  The remaining allegations in Paragraph 19 constitute recitations and/or

7  conclusions of law.  Accordingly, no response is necessary.  To the extent a

8  response to such allegations is required, Defendants deny all remaining allegations

9  in Paragraph 19.

10         20.    The allegations in Paragraph 20 constitute recitations and/or

11  conclusions of law.  Accordingly, no response is necessary.  To the extent a

12  response to such allegations is required, Defendants deny all allegations in

13  Paragraph 20.

14         21.    The allegations in Paragraph 21 constitute recitations and/or

15  conclusions of law.  Accordingly, no response is necessary.  To the extent a

16  response to such allegations is required, Defendants deny all allegations in

17  Paragraph 21.

18         22.    The allegations in Paragraph 22 constitute recitations and/or

19  conclusions of law.  Accordingly, no response is necessary.  To the extent a

20  response to such allegations is required, Defendants deny all allegations in

21  Paragraph 22.

22         23.    The allegations in Paragraph 23 constitute recitations and/or

23  conclusions of law.  Accordingly, no response is necessary.  To the extent a

24  response to such allegations is required, Defendants deny all allegations in

25  Paragraph 23.

26         24.    Defendants, in response to the allegations in Paragraph 24, admit that

27  Defendant Sean Harris told Plaintiff that Defendant Brian Wilson, as of November

28  2, 2022, was not overseeing the facilities at the premises located at 300 Ben

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

Franklin Court, San Mateo, California. The remaining allegations in Paragraph 24 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 24.

25.     The allegations in Paragraph 25 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 25.

26.     The allegations in Paragraph 26 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 26.

27.     The allegations in Paragraph 27 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 27.

28.     The allegations in Paragraph 28 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 28.

29.     The allegations in Paragraph 29 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 29.

## FIRST CAUSE OF ACTION

30.     Defendants are without sufficient knowledge or belief to either admit or deny the allegations in Paragraph 30 and on that basis deny the allegations in Paragraph 30.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

31.     The allegations in Paragraph 31 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 31.

32.     The allegations in Paragraph 32 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 32.

33.     The allegations in Paragraph 33 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 33.

34.     The allegations in Paragraph 34 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 34.

## SECOND CAUSE OF ACTION

35.     The allegations in Paragraph 35 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 35.

36.     Defendants are without sufficient knowledge or belief to either admit or deny the allegations in Paragraph 36 and on that basis deny the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 37.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

38.     The allegations in Paragraph 38 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 38.

39.     The allegations in Paragraph 39 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 39.

### THIRD CAUSE OF ACTION

40.     The allegations in Paragraph 40 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 40.

41.      Defendants admit all allegations in Paragraph 41, with the exception of the date of the sublease.  Defendants admit Backblaze entered into a sublease at 300 Ben Franklin Court, where Plaintiff was the Landlord and Backblaze was the tenant on the sublease and that the sublease was fully signed on August 11, 2014.

42.     Defendants admit all allegations in Paragraph 42.

43.     The allegations in Paragraph 43 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 43.

44.     The allegations in Paragraph 44 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 44.

45.     The allegations in Paragraph 45 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  response to such allegations is required, Defendants deny all allegations in

2  Paragraph 45.

3      46.    The allegations in Paragraph 46 constitute recitations and/or

4  conclusions of law.  Accordingly, no response is necessary.  To the extent a

5  response to such allegations is required, Defendants deny all allegations in

6  Paragraph 46.

7                    **FOURTH CAUSE OF ACTION**

8      47.    The allegations in Paragraph 47 constitute recitations and/or

9  conclusions of law.  Accordingly, no response is necessary.  To the extent a

10 response to such allegations is required, Defendants deny all allegations in

11 Paragraph 47.

12     48.    Defendants, in response to the allegations in Paragraph 48 admit that

13 Plaintiff operated the business known as Kim's Tailoring, located at 300 Ben

14 Franklin Court, San Mateo, California, that to Defendants' knowledge, Plaintiff

15 operated that business at the aforementioned location since August 2014 and that

16 Plaintiff was a Tenant who held a lease on the aforementioned premises.

17 Defendants deny knowledge the exact period of time that Plaintiff was a tenant

18 prior to August 2014 and deny knowledge of the contents of Plaintiff's lease with

19 Behling and Associates because that document was not provided to Defendants,

20 The remaining allegations in Paragraph 49 constitute recitations and/or conclusions

21 of law.  Accordingly, no response is necessary.  To the extent a response to those

22 remaining allegations in Paragraph 48 is required, Defendants deny all remaining

23 allegations in Paragraph 48.

24     49.    Defendants, in response to the allegations in Paragraph 49 admit that

25 Plaintiff operated the business known as Kim's Tailoring, located at 300 Ben

26 Franklin Court, San Mateo, California, that Plaintiff operated that business at the

27 aforementioned location since August 2014 and that Plaintiff was a Tenant who

28 held a lease on the aforementioned premises.  The remaining allegations in

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-10-

Paragraph 49 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to those remaining allegations in Paragraph 49 is required, Defendants deny all remaining allegations in Paragraph 49.

50.    The allegations in Paragraph 50 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 50.

51.    The allegations in Paragraph 51 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 51.

52.    The allegations in Paragraph 52 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 52.

## FIFTH CAUSE OF ACTION

53.    The allegations in Paragraph 53 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 53.

54.    The allegations in Paragraph 54 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 54.

55.    The allegations in Paragraph 55 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in

-11-

1    Paragraph 55.

2        56.    The allegations in Paragraph 56 constitute recitations and/or

3    conclusions of law.  Accordingly, no response is necessary.  To the extent a

4    response to such allegations is required, Defendants deny all allegations in

5    Paragraph 56.

6        57.    The allegations in Paragraph 57 constitute recitations and/or

7    conclusions of law.  Accordingly, no response is necessary.  To the extent a

8    response to such allegations is required, Defendants deny all allegations in

9    Paragraph 57.

10       58.    The allegations in Paragraph 58 constitute recitations and/or

11   conclusions of law.  Accordingly, no response is necessary.  To the extent a

12   response to such allegations is required, Defendants deny all allegations in

13   Paragraph 58.

14                    **SIXTH CAUSE OF ACTION**

15       59.    The allegations in Paragraph 59 constitute recitations and/or

16   conclusions of law.  Accordingly, no response is necessary.  To the extent a

17   response to such allegations is required, Defendants deny all allegations in

18   Paragraph 59.

19       60.    Defendants, in response to the allegations in Paragraph 60 admit that

20   Plaintiff operated the business known as Kim's Tailoring, located at 300 Ben

21   Franklin Court, San Mateo, California, that Plaintiff operated that business at the

22   aforementioned location since August 2014 and that Plaintiff was a Tenant who

23   held a lease on the aforementioned premises.   The remaining allegations in

24   Paragraph 60 constitute recitations and/or conclusions of law.  Accordingly, no

25   response is necessary.  To the extent a response to those remaining allegations in

26   Paragraph 60 is required, Defendants deny all remaining allegations in Paragraph

27   60.

28       61.    The allegations in Paragraph 61 constitute recitations and/or

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 61.

62. The allegations in Paragraph 62 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 62.

63. The allegations in Paragraph 63 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 63.

64. The allegations in Paragraph 64 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 64.

## SEVENTH CAUSE OF ACTION

65. The allegations in Paragraph 65 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 65.

66. The allegations in Paragraph 66 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 66.

67. The allegations in Paragraph 67 constitute recitations and/or conclusions of law. Accordingly, no response is necessary. To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 67.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

68.     The allegations in Paragraph 68 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 68.

69.     The allegations in Paragraph 69 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 69.

70.     The allegations in Paragraph 70 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 70.

71.     The allegations in Paragraph 71 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 71.

## EIGHT CAUSE OF ACTION

72.     The allegations in Paragraph 72 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 72.

73.      The allegations in Paragraph 73 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in Paragraph 73.

74.     The allegations in Paragraph 74 constitute recitations and/or conclusions of law.  Accordingly, no response is necessary.  To the extent a response to such allegations is required, Defendants deny all allegations in

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

1   Paragraph 74.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

As a first affirmative defense to Plaintiff's Complaint, Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

As a second affirmative defense to Plaintiff's Complaint, Plaintiff has engaged in conduct and activities with respect to the subject matter of this dispute by reason of which she is estopped to assert any claims against Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Act of Omission of Plaintiffs)

As a third affirmative defense to Plaintiff's Complaint, Defendants alleges that the damages suffered by Plaintiff, if any, were the result of the acts or omissions of the Plaintiff and other parties, named and unnamed in this action, for which Defendants bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (Set-Off)

As a fourth affirmative defense to Plaintiff's Complaint, Defendants alleges that any recover by Plaintiff must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if any there were.

### FIFTH AFFIRMATIVE DEFENSE
### (Mitigation)

As a fifth affirmative defense to Plaintiff's Complaint, if Plaintiff suffered any damage, which Defendants denies, Plaintiff is not not entitled to recover the amount of damages alleged or any damages because of their failure to act

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

reasonably to mitigate the damages allegedly incurred.

### SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

As a sixth affirmative defense to Plaintiff's Complaint, Plaintiff would be unjustly enriched if allowed to recovery on Plaintiff's Complaint as against Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

As a seventh affirmative defense to Plaintiff's Complaint, Plaintiff has engaged in conduct and activities that constitute an express and/or implied waiver of her right to recover on Plaintiff's Complaint as against Defendants.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a eighth affirmative defense to Plaintiff's Complaint, the causes of action alleged by Plaintiffs in Plaintiffs' Complaint are barred by statutes of limitations, including but not limited to the limitations periods stated in Code of Civil Procedure §§ 337, 338, 339, 340, and 343, Civil Code §§ 51, 52, et. al. and 42 USC § 1981, et. al..

### NINTH AFFIRMATIVE DEFENSE
### (Damage, If Any, Caused by Others)

As a ninth affirmative defense to Plaintiff's Complaint, any damages suffered by Plaintiff was caused by the acts or omissions of persons or entities other than Defendants, and Plaintiff's recovery is therefore barred or proportionately reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

As an tenth affirmative defense to the Plaintiff's, any damages suffered by Plaintiffs were the result of the negligence and failure to use reasonable diligence in performing the acts required of Plaintiff and, therefore, said conduct either bars or proportionately reduces any potential recovery to Plaintiff.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Equitable Indemnity)

As a eleventh affirmative defense to the Plaintiff's, the principles of comparative equitable indemnity should be applied by the Court where appropriate, despite the absence of Plaintiff specifically requesting the same.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Laches)

As a twelfth affirmative defense to Plaintiff's Complaint, Plaintiff is barred from recovery on the matters alleged in Plaintiff's Complaint by the equitable doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

As a thirteenth affirmative defense to Plaintiff's Complaint, Defendants allege that Plaintiff is barred under the doctrine of unclean hands from recovering for any of the claims asserted in Plaintiffs' Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Fault of Others)

As a fourteenth affirmative defense to Plaintiff's Complaint, Defendants alleges that the sole or partial proximate cause of the damages complained of was due to the fault, negligence, willful acts, and/or intentional acts of persons, firms, or entities other than Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Respondent Superior/Vicarious Liability)

As a fifteenth affirmative defense to Plaintiff's Complaint, all claims that Backblaze is liable for the alleged acts of discrimination, assault, threats, trespass and intentional/negligent infliction of emotional distress are void under the doctrines Respondent Superior/Vicarious Liability.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Reasonable Business Judgment)

As a sixteenth affirmative defense to Plaintiff's Complaint, Defendants, in

and its dealings with Plaintiff, exercised reasonable business judgment, and therefore the Plaintiff's Complaint is barred in whole and/or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Superseding or Intervening Cause)

As a seventeenth affirmative defense to each cause of action of the Plaintiff's Complaint, the actions or conduct of third parties over which Defendants had no control, including without limitation learned intermediaries, or the actions or conduct of Plaintiff, may be the sole, proximate, contributing, superseding and/or intervening cause of any alleged injuries or damages, and therefore, Plaintiff' recovery, if any, should be barred, diminished, reduced and/or offset as a result thereof.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Attorneys Fees Unavailable)

As a eighteenth affirmative defense to the third, fourth, fifth, sixth, seventh and eight causes of action in Plaintiffs' Complaint, Plaintiff has failed to state a claim against Defendants upon which attorney fees can be awarded.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Fair Responsibility Act of 1986)

As a nineteenth affirmative defense to Defendants are informed and believes and thereon alleges that its liability, if any, for non-economic general damages is several only, and not joint, as provided for in Cal. Civ. Code §1431.2.  Commonly known as Proposition 51, Civil Code sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent that Plaintiff's injuries and damages if any were legally caused or contributed by the negligence or fault of persons or entities other than Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Defective Claims of Intentional Interference With Contractual Relations)

As a twentieth affirmative defense to the fourth cause of action in Plaintiff's Complaint, Plaintiff's claim of Intentional Interference with Contractual Relations

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

is defective because no breach of contract and/or lease as between Plaintiff and her third-party landlord is alleged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Frivolous/Bad Faith Litigation)

As a twenty-first affirmative defense to Plaintiff's Complaint, Plaintiff's Complaint has been filed and prosecuted in violation of FRCP 11 because it lacks merit, is frivolous and has been filed for an improper purpose which is to harass and burden Defendants.  Accordingly, Plaintiff and Plaintiff's counsel are subject to the imposition of sanctions as a result of adding Defendants to this lawsuit and continuing to prosecute this lawsuit against Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Duty)

As a twenty-second affirmative defense to the Complaint, Plaintiff's claims against Defendants are void because Defendants owed no duty to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Defective Breach of Contract Claim)

As a twenty-third affirmative defense to the third cause of action in Plaintiff's Complaint, Plaintiff's breach of contract claim is defective due to Plaintiff's failure to plead a cause of action that meets the threshold requirements of CACI 303, et. al.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Defective Breach of Contract Claim)

As a twenty-fourth affirmative defense to the third cause of action in Plaintiff's Complaint, Plaintiff's breach of contract claim is defective due to Plaintiff's failure to due to Plaintiff's failure to attach and/or plead the actual material terms of the contract in Plaintiff's Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Discharge)

As a twenty-fifth affirmative defense to the Complaint, Plaintiff's claims against Defendants are alternatively void because Defendants duly performed,

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

satisfied and discharged all alleged duties and obligation they may have owed to Plaintiff arising out of any and all alleged agreements, representations or contracts made by it or on behalf of Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Defective Discrimination Claims)

As a twenty-sixth affirmative defense to the Complaint, Plaintiff's claims of discrimination are defective and void because Defendants neither discriminated against Plaintiff nor were motivated to discriminate against Plaintiff on the basis of race, national origin and/or English-language capabilities.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Defective Discrimination Claims)

As a twenty-seventh affirmative defense to the Complaint, Plaintiff's claims of discrimination are defective and void because Plaintiff lacks standing to assert such claims under the Unruh Act and/or 42 USC Section 1981, et. al.

### TWENTY-EIGHTTH AFFIRMATIVE DEFENSE
#### (Failure To State A Claim For Punitive Damages)

As a twenty-eighth affirmative defense to the Complaint, Defendants allege that, to the extent that the Plaintiff's Complaint seeks exemplary or punitive damages pursuant to law and/or statute, the Complaint violates the answering Defendants' rights to equal protection and to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and violates the answering Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the California Constitution, and fails to state a cause of action upon which exemplary or punitive damages can be awarded.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (No Improper Purpose)

As a twenty-ninth affirmative defense to the Complaint, the purported actions of Defendants taken with respect to Plaintiff were for legitimate business reasons, and not for any improper purpose.

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Good Faith Compliance With The Law)

As a thirtieth affirmative defense to the Complaint, the purported actions of Defendants taken with respect to Plaintiff were for done in good faith, with compliance with law, for legitimate business reasons, and not for any improper purpose.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (No Emotional Distress)

As a thirty-first affirmative defense to the Complaint, the purported actions of Defendants do not constitute misconduct or the intentional or negligent infliction of emotional distress.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Reservation of Additional Affirmative Defenses)

As a thirty-second affirmative defense, Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses to the Complaint, and therefore reserve the right to assert additional affirmative defenses in the event discovery and/or additional investigation indicates it would be appropriate to do so.

### DEMAND FOR JURY TRIAL

Defendants BACKBLAZE, INC., BRIAN WILSON, SEAN HARRIS, and DERMAN UZUNOGLU hereby demands a trial by jury in this action.


Dated:  May 15, 2023          GORDON REES SCULLY MANSUKHANI, LLP


By:   */s/ Robert M. Bodzin*
Robert M. Bodzin
Mollie M. Burks
Attorneys for Defendants
BACKBLAZE, INC., BRIAN
WILSON, SEAN HARRIS, AND
DERMAN UZUNOGLU

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Nancy A. Barrios*
Nancy A. Barrios

1208514/54852191v.1

-22-

DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND